UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENA MERNIK KNEE and JAMES KNEE, in their individual capacities and on behalf of their minor daughter, ISABELLA KNEE,<br><br>*Plaintiffs,*<br><br>- against -<br><br>ROUND DUNE, INC., SARA SHEIMAN, STEPHEN ROTH, STEPHEN DEUTSH, GALE SPITALNIK, NEIL BERMAN, MICHAEL KATES, JOYCE DOYLE, FRANK LERNER, STEPHEN MITZNER, JENNIFER SAFIAN, ELLIOT RATCHIK, MARTHA FREIDRIKS, GREG BRANDNER, MARTIN KANTOR, DOMINICK PEPPACENO,<br><br>*Defendants.* | 15 Civ. 5766<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Irena Mernik Knee and James Knee, individually and on behalf of their nine year old daughter, Isabella Knee (the "Knees" or "Plaintiffs"), by and through their undersigned counsel, Schlam Stone & Dolan LLP, for their Complaint against defendants, allege as follows:

## NATURE OF THE ACTION

1. This is an action to redress intentional discrimination by a residential cooperative corporation in the Hamptons and its Board of Directors in refusing to make its swimming pool available equally to all residents. Under the House Rules set and enforced by defendants, children ages 12 and under are limited in their use of the pool to four hours a day: from 10 am to 12 noon, and from 2 to 4 pm. Residents over age 12, by contrast, may use the pool anytime during its opening hours, with no restrictions. For years, Plaintiffs and other residents have beseeched defendants to lift those restrictions so that residents with children may have equal access to the pool at the Round Dune apartment complex—the central amenity of the complex.

But Defendants have refused to change the policy. Even after Plaintiffs explained that the policy violates the fair housing laws Defendants refused to budge. Plaintiffs therefore bring this action for declaratory and injunctive relief, and compensatory and punitive damages under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, (the "Act"), and analogous New York State law, to redress Defendants' discrimination against them based on their familial status.

2. Although many shareholders at Round Dune are older or retired, the cooperative is not a senior residence. In fact, a number of families with children reside at Round Dune. Nonetheless, the Board of Directors seeks to cater to the elderly residents and certain of those residents in turn have come to expect that they will be catered to, first and foremost through the discriminatory pool policy. If a child is in the pool at 1 minute past 12 noon, a phone call is invariably placed to the maintenance staff asking that the staff remove the child from the pool. The staff, which takes direction from and is paid by the defendant board members, promptly complies. On many days throughout the summer, particularly during the week, there is no one in the pool, and no one on the surrounding deck, during the hours it is off limits to children. Yet when Plaintiffs and other families with children call the Site Manager to ask if the children may use the pool since no one is on the pool grounds, the answer is always no.

3. Plaintiffs have been seasonal residents of Round Dune for years, and have a nine-year old daughter named Isabella. Thus, they are directly affected by the discriminatory pool policy. Plaintiff Ms. Knee typically spends the entire summer at Round Dune with Isabella. Because the pool is off limits to Isabella for a substantial portion of the day, the Knees have had to find alternative ways for Isabella to have access to a pool. One summer, for example, Ms. Knee joined a health club with a pool; other years the Knees have sent Isabella to camp. Isabella

continuously wonders, week after week, year after year, why other residents can use the pool when they wish but she cannot.

4. Defendant's pool policy constitutes intentional discrimination on grounds of familial status in violation of the Act. The policy should be declared unlawful and permanently enjoined, and appropriate compensatory and punitive damages should be awarded.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1367(a), and 42 U.S.C. § 3613(a).

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that the events giving rise to Plaintiffs' claims occurred in East Quogue, New York, a town that lies within the Eastern District of New York.

## THE PARTIES

7. Plaintiff Irena Mernik Knee ("Ms. Knee") owns the shares and proprietary lease pertaining to Units C-3 and C-4 (the "Units") at 101 Dune Road, East Quogue, New York. Ms. Knee inherited the shares and lease from her late husband, Gilbert Kraus. Since shortly after Mr. Kraus's death in 2004, Ms. Knee has continuously occupied the Units during the summer season when the Round Dune complex is open. Before Mr. Kraus died, Ms. Knee occupied the Units with Mr. Kraus.

8. Plaintiff James Knee is Ms. Knee's husband. After she was widowed, Ms. Knee (then known as Ms. Mernik Kraus) married Mr. Knee. Since their marriage, Mr. Knee has occupied the Units with Ms. Knee and their nine-year old daughter Isabella during the summer season when the complex is open.

9. Defendant Round Dune, Inc. (the "Corporation" or the "Co op") is a New York corporation that owns and operates the cooperative housing development known as Round Dune, located at 101 Dune Road in East Quogue, New York. Round Dune is an oceanfront apartment complex made up of four two-story buildings (the "Apartment Complex") that collectively house 76 apartments.

10. Defendant Sara Sheiman is a member of the Corporation's Board of Directors (the "Board"), and currently serves as President of the Board.

11. Defendant Stephen Roth is a member of the Corporation's Board.

12. Defendant Stephen Deutsh is a member of the Corporation's Board.

13. Defendant Gale Spitalnik is a member of the Corporation's Board.

14. Defendant Michael Kates is a member of the Corporation's Board.

15. Defendant Joyce Doyle is a member of the Corporation's Board.

16. Defendant Frank Lerner is a member of the Corporation's Board.

17. Defendant Stephen Mitzner is a former member of the Corporation's Board who, at all relevant times, used his position on the Board to uphold, maintain, and ensure the enforcement of the discriminatory Pool Policy, as defined below.

18. Defendant Jennifer Safian is a former member of the Corporation's Board who, at all relevant times, used her position on the Board to uphold, maintain, and ensure the enforcement of the discriminatory Pool Policy, as defined below.

19. Defendant Elliot Ratchik is former member of the Corporation's Board who used his position on the Board to uphold, maintain, and ensure the enforcement of the discriminatory Pool Policy, as defined below.

20. Defendant Neil Berman is a former member of the Corporation's Board who used his position on the Board to uphold, maintain, and ensure the enforcement of the discriminatory Pool Policy, as defined below.

21. Defendant Martha Freidriks is a former member of the Corporation's Board who, at all relevant times, used her position on the Board to uphold, maintain, and ensure the enforcement of the discriminatory Pool Policy, as defined below.

22. Defendant Greg Brandner is former member of the Corporation's Board who used his position on the Board to uphold, maintain, and ensure the enforcement of the discriminatory Pool Policy, as defined below.

23. Defendant Martin Kantor is a former member of the Corporation's Board who, at all relevant times, used his position on the Board to uphold, maintain, and ensure the enforcement of the discriminatory Pool Policy, as defined below.

24. Defendant Dominick Peppaceno is the Site Manager for the Apartment Complex. At all relevant times he has been responsible for enforcing, and has enforced, the discriminatory Pool Policy, as defined below.

25. The Units and other apartments in the Apartment Complex, and the Apartment Complex itself are "dwellings" covered by the Act, 42 U.S.C. § 3602(b).

26. Plaintiffs are aggrieved persons within the meaning of the Act, 42 U.S.C. § 3602(i), and have suffered damages as a result of Defendants' conduct described in this complaint.

## **TRIAL BY JURY**

27. Plaintiffs demand a trial by jury as to the issues of liability and compensatory and punitive damages.

**STATEMENT OF FACTS**

**Round Dune: The Complex and the Corporation**

28,     Round Dune is a seasonal housing development that is open to shareholders for their use between April and the end of October.  It has 24-hour security, a full maintenance staff, and an outdoor pool.  The complex is located in East Quogue, a town in the Hamptons, on the Atlantic Ocean and is surrounded by multi-million dollar homes.

28.     Residents own shares in the Corporation, which enters into a Proprietary Lease with each shareholder that gives the shareholder the right to occupy the apartment that pertains to his or her shares, and sets the terms and conditions of the shareholder's possession of the apartment and ownership of the shares.  Shareholders, their guests, and renters are required to abide by the House Rules, which prescribe rules for use of the common facilities and individual apartments to the extent that a resident's conduct could impact other shareholders.

29.     The Corporation is governed by a seven-member Board of Directors, which derives its authority from the Corporation's by-laws.  The Board is responsible for, among other things, managing the Corporation's finances, assessing the qualifications of proposed purchasers, and setting and enforcing the House Rules.

**The Discriminatory Pool Policy**

30.     The House Rules provide that children ages 3 through 12 are prohibited from using the pool except during the hours of 10 to 12 noon and 2 pm to 4 pm.  Children under age 3 are barred from using the pool at all.  The House Rules state:

> Children under the age of 3 years are not permitted in the pool at any time. . . . Children between ages 3 and 12 years are only allowed in the pool from 10 am to 12 pm (noon) and 2 pm to 4 pm.

(the "Pool Policy").

31. Individuals over age 12 can use the pool with no restrictions, anytime it is open. The pool opening hours are typically set by the Board at the beginning of the summer season. In recent years the pool's posted opening hours have been daily from 8 a.m. to 8 p.m., but in practice the hours are not enforced and residents over age 12 may effectively use the pool whenever they want to.

32. The Pool Policy is strictly enforced by the Board through its Site Manager, defendant Dominick Peppacino, and other of its agents who work at the Apartment Complex. If a child is in the pool other than during the permitted hours, the Site Manager instructs the child to get out of the pool or instructs her parents to take her out of the pool. This is done even if no adults are in the pool and if no adults are on the deck waiting to go into the pool. If a child stays in the pool even for a minute after the children's hours end, defendant Peppacino goes to the pool to order the child out. Adult residents of Round Dune have been known to complain from inside their apartments that a child is in the pool at 12:05 p.m., for example, even if he or she is not intending to use the pool.

**Plaintiffs' Efforts To Change The Pool Policy**

33. Over the years, Plaintiffs have repeatedly asked the Board to change the Pool Policy so as to give their daughter Isabella and other children equal access to the pool. Other residents with children have also asked the Board to change the policy so that their children and grandchildren may enjoy the pool on the same footing as adults. The Board has refused every plea.

34. In an effort to resolve the matter without litigation, on July 31, 2015, Plaintiff sent a letter to the Board laying out, with citations to authority, why they believe the Pool Policy violates the Act, and requesting that the Policy be rescinded and replaced with a policy that gives

children the same access to the pool as adults. To date Plaintiffs have received no substantive response. Nor, moreover, has the Board changed the discriminatory policy.

**Plaintiffs' Harm Resulting From Defendants' Discrimination**

35. Plaintiffs have been stigmatized and emotionally and economically harmed by the discriminatory Pool Policy. They have had to find alternatives ways to allow Isabella to go swimming due to her being banned from the pool for so much of the day. One recent summer, the Knees joined a health club with an outdoor pool so that Isabella could have access to a pool during the hours she was prohibited from using the pool at Round Dune. They have sent her to camp and have had to find other activities to fill the time during which, absent the discriminatory Pool Policy, Isabella could have and would have been using the pool. And they have suffered the emotional distress of seeing their daughter upset, week after week, year after year, at being banned from an activity she loves, and of being stigmatized as a family excluded from full access to the principal amenity at Round Dune simply because they have a young child.

## FIRST CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 3604(b))

36. Plaintiffs repeat and reallege each and every allegation of all the preceding paragraphs of this Complaint as if fully set forth in this paragraph.

37. Defendants violated, and are violating, the Fair Housing Act, 42 U.S.C. § 3604(b), by discriminating against the Knees in the provision of services or facilities in connection with the sale or rental of a dwelling, on account of their familial status, by implementing, maintaining, and enforcing the discriminatory Pool Policy.

38. Defendants' conduct had a discriminatory effect on the Knees on account of their familial status.

39. The discriminatory actions of defendants were, and are, intentional, willful, and taken in disregard of the Knees' rights.

40. Defendants' discriminatory conduct directly and proximately caused Plaintiffs and their daughter severe harm.

### SECOND CLAIM FOR RELIEF
**(Violation of N.Y. Exec. Law Art. 15, § 296-5(a)(2))**

41. Plaintiffs repeat and reallege each and every allegation of all the preceding paragraphs of this Complaint as if fully set forth in this paragraph.

42. Defendants violated, and are violating, the New York State Human Rights Law, N.Y. Exec. Law Art. 15, § 296-5(a)(2), by discriminating against the Knees in the furnishing of facilities or services in connection with the sale or rental of a dwelling, on account of their familial status, by implementing, maintaining, and enforcing the discriminatory Pool Policy.

43. Defendants' conduct had a discriminatory effect on the Knees on account of their familial status.

44. The discriminatory actions of defendants were, and are, intentional, willful, and taken in disregard of the Knees' rights.

45. Defendants' discriminatory conduct directly and proximately caused Plaintiffs and their daughter severe harm.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against each Defendant:

1. Declaring that the Pool Policy, as defined above, violates the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, *et seq.*;

2. Declaring that the Pool Policy, as defined above, violates the New York Human Rights Law, N.Y. Exec. Law, Art. 15, §§ 290, *et seq*.

3. Enjoining defendants, their agents, employees, and successors, and all other persons in active concert or participation with any of them, from establishing, maintaining, and enforcing the discriminatory Pool Policy, or any other policy that similarly prohibits children from having the same access to the pool at Round Dune as adults;

4. Awarding such damages as will compensate the Knees fully for their shock, humiliation, embarrassment, emotional distress, inconvenience, loss of the full enjoyment of the housing services provided to families without children, and economic loss caused by defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3613(c), and N.Y. Exec. Law, Art. 15, § 297-9, together with pre- and post-judgment interest;

5. Awarding punitive damages to the Knees pursuant to 42 U.S.C § 3613(c) and N.Y. Exec. Law, Art. 15, § 297-9;

6. Awarding the Knees their reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 3613(c)(2), and N.Y. Exec. Law, Art. 15, § 297-10

7. Granting such further relief as this Court may deem just and proper.

Dated: New York, New York
October 6, 2015

                    Respectfully submitted,
                    **SCHLAM STONE & DOLAN LLP**

By:       /s/
Elizabeth Wolstein
26 Broadway
New York, New York 10004
Telephone No.: (212) 344-5400
Facsimile No.: (212) 344-7677
Email: ewolstein@schlamstone.com

*Attorneys for Plaintiff*