```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IRENA MERNIK KNEE and JAMES KNEE, in their
individual capacities and on behalf of their minor
daughter ISABELLA KNEE,

                        Plaintiffs,

        -against-

ROUND DUNE, INC., SARA SHEIMAN, STEPHEN
ROTH, STEPHEN DEUTSCH, GALE SPITALNIK,
NEIL BERMAN, MICHAEL KATES, JOYCE
DOYLE, FRANK LERNER, STEPHEN MITZNER,
JENNIFER SAFIAN, ELLIOT RATCHIK, MARTHA
FREDERIKS, GREG BRANDNER, MARTIN
KANTOR, DOMINICK PEPPACENO,

                        Defendants.
----------------------------------------------------------------X
```

For Online Publication Only

**ORDER**
15-cv-5766 (JMA) (ARL)

**FILED**
**CLERK**
1/22/2018 4:48 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

The Court has received and reviewed the parties' submissions regarding Defendants' motion to strike Plaintiffs' jury demand and for the reasons that follow, the Court grants Defendants' motion.

Paragraph 34 of the lease makes clear that "the covenants herein contained shall apply to, bind and enure to the benefit of . . . the Lessee and the executors, administrators, legal representatives, legatees, distributes and assigned of the Lessee." (See Krause Lease ¶ 29(C), Pls.' Supp. Ltr. re Mot. to Strike Jury Demand, ECF. No. 2, Ex. E.) Mrs. Knee has argued to this Court and in the related state action that she inherited the Kraus lease upon Kraus' death. (See Amended Comp. ¶¶ 7, 12; Mem. in Opp. to Defs.' Mot. for Judgment on the Pleadings at 3, ECF No. 22; State Case Answer & Counterclaims ¶ 33, Defs.' Suppl. Ltr. Mot. to Strike Jury Demand ("Defs.' Supp. Ltr."), ECF No. 93, Ex. B.) Plaintiffs have also asserted in both the Amended Complaint

1

and in their Opposition to Defendants' Motion for Judgment on the Pleadings that "Plaintiff Irena Mernik Knee owns the shares and proprietary lease pertaining to Units C-3 and C-4 at Round Dune." (See Amended Comp. ¶¶ 7, 12; Mem. in Opp. to Defs.' Mot. for Judgment on the Pleadings at 3.)

In the state court action, Plaintiffs sought a declaratory judgment "directing [Round Dune] to reissue stock certificates and new leases in the name of Irina Mernik-Knee, individually, and any other documents necessary to effectuate the transfer of the Shares and Leases." (State Answer & Counterclaims ¶ 34.) Plaintiffs have also previously stated that they "agree that Ms. Knee is a distributee and legatee of Mr. Kraus, and agree that Ms. Knee is a third-party beneficiary of the Kraus Lease." (Plaintiffs' July 7, 2017 Pre-Motion Letter at 1, ECF No. 68; see also State Case Answer & Counterclaims ¶ 37.)

Furthermore, in November, the state court ordered Defendant Round Dune to transfer the shares and the lease for apartments C-3 and C-4 to Mrs. Knee upon her submission of the required documents. (See Order dated November 17, 2017, Pls.' November 30, 2017 Letter, ECF No. 84, Ex. A.) Also, Plaintiffs have occupied the apartments for over ten years.

Accordingly, it is without question that Mrs. Knee is at the very least a third-party beneficiary of the Kraus lease, and pursuant to the reasoning in Hines v. 1025 Fifth Ave. Inc., No. 14-CV-3661, 2015 WL 765943 (S.D.N.Y. Feb. 23, 2015), she is bound by the terms of the Kraus lease, including the jury demand waiver. See Hines, 2015 WL 765943 at *4 ("family members who—pursuant to the terms of the Lease —partake in that benefit are subject to the covenants of the Lease, including the jury waiver clause.").

Additionally, based on the principle of estoppel, the Court will treat Mrs. Knee as a current leaseholder, consistent with her arguments throughout this entire litigation as well as the state court

action.  Although Round Dune has not yet officially issued a lease in Mrs. Knee's name, it appears to be imminent per the state court decision.  Conceivably, the Court could reserve judgment on this motion until the lease is formally issued, which would clearly resolve Defendants' motion to strike given that the new lease would include the same jury waiver clause.  (See Defs.' Supp. Ltr. at 5.)  However, the Court will not delay trial because of this technicality.

If Mrs. Knee were to sign a lease today, the broad language of the jury waiver clause would inevitably encompass her claim.  Despite Plaintiffs' argument regarding the retroactive application of the jury waiver, the language of the lease makes clear that the waiver applies to:

> "any action, proceeding or counterclaim . . . arising out of or in any way connected with this lease, the Lessee's use or occupancy of the apartment, or any claim of damage resulting from any act or omission of the parties in any way connected with this lease or the apartment."

(See Krause Lease ¶ 29(C).)

Given the terms "in any way connected with" and "the apartment," Plaintiffs' current action would undoubtedly fall within the broad scope of the jury waiver.  Because Mrs. Knee is considered a current leaseholder, Mr. Knee is a third-party beneficiary to that lease and, thus, is also bound by the lease's jury waiver under Hines.

Finally, even absent such a finding, both Mr. and Mrs. Knee are estopped from arguing that they are neither leaseholders nor third-party beneficiaries given that both assert a right to use the Co-op's pool, and such right is derived from and governed by the lease.  (See Amended Comp. ¶ 33.)  As defendant rightly points out, absent a legal relationship with the Co-op, Plaintiffs lack standing to challenge the Co-op's governing documents, which incorporate the allegedly discriminatory "House Rules" that govern use of the pool.  (See Kraus Lease ¶ 23.) "Discrimination cannot be the cause of injury to [a plaintiff] who could not have obtained the

3

benefit [he seeks] even in the absence of the discrimination." Wilson v. Glenwood Intermountain Props., 98 F.3d 594 (10th Cir. 1996).  If Plaintiffs are neither leaseholders nor third-party beneficiaries of the proprietary lease, neither they nor their daughter would have the right to use the pool, regardless of their daughter's age or the time of day.  Plaintiffs cannot have it both ways.  They cannot seek to enforce their rights under the lease to use the Co-op's facilities, namely the pool, while simultaneously seeking to avoid the terms of the lease.  See LaRoss Partners, LLC v. Contact 911 Inc., 874 F.Supp.2d 147 (E.D.N.Y. 2012) ("[A] party is estopped from denying a contract provision when it has directly benefited from the contract.").  Accordingly, Defendants' motion to strike Plaintiffs' jury demand is granted.

**SO ORDERED.**

Date:   January 22, 2018
        Central Islip, New York

                                                           /s/(JMA)
                                                    Joan M. Azrack
                                                    United States District Judge